UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

                       Plaintiffs,

      -against-

JOSEPH D. GRIPPI, ANGELA A. GRIPPI,
SOVEREIGN BANK, JP MORGAN CHASE BANK,
NEW YORK STATE TAX COMMISSION, JOHN
DOES NUMBERS 1 to 10 (Persons or Entities with
an Interest in the Property Described Herein,

                       Defendants.
----------------------------------------------------------------X

Case No.: 08cv01874

**VERIFIED ANSWER
TO COMPLAINT
AND CROSS-CLAIMS**

     JPMorgan Chase Bank, N.A., sued herein as JP Morgan Chase Bank (hereinafter sometimes "Chase" or "Defendant"), by its attorneys Pittoni, Bonchonsky & Zaino, LLP, as and for its Verified Answer to the Summons and Verified Complaint (the "Complaint") of plaintiff, United States of America ("Plaintiff"), alleges as follows:

     1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "1", "2", "3", "4", "5", "6", "8", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "22", "23", "24", "26", "27", "28", "29", "30", "32", "33", "34", "35", "36", "38", "39", "40", "41", "43", "44", "45", "46", "50", "51", "52" and "53" of the Complaint.

     2. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "7", "21" and "48" of the Complaint, except admits that Chase maintains various offices conducting business

1

in the State of New York, and further admits that Chase extended a home equity line of credit to Angela and Joseph Grippi, and further admits that Chase holds a mortgage lien on the subject premises and claims an interest in the subject premises.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "54" of the Complaint, except expressly denies any action that would impair Chase's interest in the subject premises.

4. Repeats and realleges each and every allegation with respect to paragraphs "25", "31", "37", "42", "47" and "49" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5. Plaintiff's Complaint fails to state a cause of action against Chase, and must be dismissed.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6. Plaintiff's action is barred by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7. Based in part upon Chase's review of the public records pertaining to the premises, on or about June 18, 2004, Chase granted to Joseph D. Grippi and Angela A. Grippi ("Grippi") a loan described as follows:

> i) Home Equity Line of Credit Disclosure Statement (the "Note") and New York Credit Line Mortgage (the "Mortgage") in the maximum principal amount of $55,000 executed and delivered by Grippi, and representing a mortgage lien on the subject premises.

8. The Mortgage was recorded in the Westchester County Clerk's Office against the subject premises on December 21, 2004 under control no.: 442820505, and the applicable mortgage recording tax was duly paid.

9. On or about April 14, 2006, Chase granted to Joseph D. Grippi and Angela A. Grippi ("Grippi") a modification agreement (the "Modification Agreement 1") increasing the maximum principal amount of Grippi's loan to $100,000. The Modification Agreement 1 was recorded in the Westchester County Clerk's Office against the subject premises on August 28, 2006 under control no.: 462260572, and the applicable mortgage recording tax was duly paid

10. On or about May 18, 2007, Chase granted to Joseph D. Grippi and Angela A. Grippi ("Grippi") a modification agreement (the "Modification Agreement 2") increasing the maximum principal amount of Grippi's loan to $161,000. The Modification Agreement 2 was recorded in the Westchester County Clerk's Office against the subject premises on June 29, 2007 under control no.: 471760369, and the applicable mortgage recording tax was duly paid

11. As a result of the foregoing, Chase is a holder in due course.

12. By reason thereof, Plaintiff cannot cancel or declare Chase's Mortgage and Modification Agreements (collectively the "Chase Mortgage Loans") to be null and void.

13. By reason of the foregoing, Plaintiff cannot void the Chase Mortgage Loans against the subject property.

14. By reason of the foregoing, the Complaint and relief sought in the form of barring Chase from all right, title, claim, lien or other interest in the subject premises must be denied and dismissed in its entirety.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

15. When Chase made the Chase Mortgage Loans to Grippi, Chase had no knowledge of any claims, defect in title to the premises, defenses, or any other impropriety or illegal means that would adversely affect the Chase Mortgage Loans against the premises, or adversely affect Chase's rights to payment pursuant to the terms of the Chase Mortgage Loans, or Chase's rights to enforce the remedies pursuant to the Chase Mortgage Loans.

16. By reason thereof, Plaintiff cannot: a) cancel or declare the Chase Mortgage Loans to be null and void, b) void, invalidate, or otherwise seek to nullify or strike from the public record the Chase Mortgage Loans against the premises, and c) compel Chase to release the Chase Mortgage Loans against the subject premises.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

17. Chase is a good faith lien holder for value without actual or constructive knowledge of the alleged fraud alleged in the amended verified complaint. Accordingly, Chase is protected against Plaintiffs' claims by virtue of Section 278(1) of the New York Debtor and Creditor Law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

18. Chase is a good faith lien holder for value without actual or constructive knowledge of the alleged fraud alleged in the amended verified complaint. Accordingly, Chase is protected against Plaintiff's claims by virtue of Sections 266 and 291 of the New York State Real Property Law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

19. Chase is a good faith lien holder for value without actual or constructive knowledge of the alleged fraud alleged in the Complaint. Accordingly, Chase is entitled to maintain and implement its lien position on the subject premises to the extent value was paid in exchange for the Chase Mortgage Loans by virtue of Section 278(2) of the New York Debtor and Creditor Law.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

20. Plaintiff's action is barred by the doctrine of laches and undue delay in asserting claims.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

21. Plaintiff's action is barred by the doctrines of waiver, estoppel and/or release.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

22. That should Plaintiff recover damages as a result of finding of liability, in whole or in part, as against this answering Defendant, such recovery should be reduced and diminished in proportion to the degree of culpable

conduct/comparative negligence/contributory negligence of Plaintiff in contributing to such damages.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST THE DEFENDANTS JOSEPH D. GRIPPI and ANGELA A. GRIPPI

23. Chase repeats and realleges each and every allegation in this Answer as if fully set forth at length herein.

24. In giving the Chase Mortgage Loans, Grippi represented that they owned the subject real property in fee and that they had the right to mortgage same, and gave a general warranty of title to Chase obligating themselves for any losses sustained by Chase in the event someone other that Grippi had an interest in the subject premises at the time they gave the Chase Mortgage Loans.

25. To the extent Plaintiff's claims in this action are sustained, Grippi will have breached their warranties to Chase.

26. By reason of the foregoing, if the claims asserted by the Plaintiff are sustained, then Grippi will be in breach of their representations and warranties and will be liable to Chase for all damages, costs and legal fees sustained and.or incurred by Chase as a result thereof.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST THE DEFENDANTS JOSEPH D. GRIPPI and ANGELA A. GRIPPI

27. Chase repeats and realleges each and every allegation in this Answer as if fully set forth at length herein.

28. By reason of the foregoing, if the Court renders a decision in favor of the Plaintiff with respect to its claims in this action, and to the extent that the

Chase Mortgage Loans, or any part thereof, are vacated or set aside, Grippi will be liable to Chase for all damages, costs and legal fees sustained and/or incurred by Chase as a result thereof.

WHEREFORE, defendant JPMorgan Chase Bank, N.A., sued herein as JP Morgan Chase Bank demands judgment dismissing the Complaint in its entirety, and granting the relief requested in the affirmative defenses and cross-claims, together with costs, disbursements, expenses and attorneys' fees and any other and further relief as this court may deem just and proper.

Dated: Garden City, New York
       July 11, 2008                    Yours, etc.,

                                        Pittoni, Bonchonsky & Zaino, LLP

                                  By:   _____
                                        Stephen E. Zaino
                                        Attorneys for Defendant
                                        JPMorgan Chase Bank, N.A., sued
                                        herein as JP Morgan Chase Bank
                                        226 Seventh Street, Suite 200
                                        Garden City, New York 11530
                                        (516) 248-5400

TO:   Michael J. Garcia
      United States Attorney for the
      Southern District of New York
      By: Li Yu, Esq., Assistant U.S. Attorney
      Attorneys for Plaintiff
      86 Chambers Street, Third Floor
      New York, New York 10007
      (212) 637-2734

      Alter, Goldman & Brescia, LLP
      Attorneys for Defendants
      Joseph D. Grippi and Angela A. Grippi
      550 Mamaroneck Avenue, Suite 510
      Harrison, New York 10528
      (914) 328-4084

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NASSAU     )

    I, the undersigned, an attorney admitted to practice in the Courts of the State of New York, under the penalties of perjury, state as follows:

    I am a member of Pittoni, Bonchonsky & Zaino, LLP attorneys for the defendant, JPMorgan Chase Bank, N.A., sued herein as JP Morgan Chase Bank, in the within action.

    Deponent has read the foregoing Verified Answer to Complaint and Cross-Claims and knows the contents thereof, and the same is true to deponent's knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true. This verification is made by me and not by Defendant since Defendant does not have its principal place of business in the county where its attorney maintains an office.

    The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows: all information contained in Defendant's books and records maintained in the regular course of business.

Dated:    Garden City, New York
            July 11, 2008

_____
Stephen E. Zaino, Esq.

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                  )ss:
COUNTY OF NASSAU  )

I, ELIZABETH GARRY, being duly sworn say: I am not a party to the action, am over 18 years of age and reside at Lynbrook, New York. On July 11, 2008, I served the attached:

**VERIFIED ANSWER TO COMPLAINT AND CROSS-CLAIMS**

by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name as follows:

TO:   Michael J. Garcia
      United States Attorney for the
      Southern District of New York
      By: Li Yu, Esq., Assistant U.S. Attorney
      Attorneys for Plaintiff
      86 Chambers Street, Third Floor
      New York, New York 10007
      (212) 637-2734

      Alter, Goldman & Brescia, LLP
      Attorneys for Defendants
      Joseph Grippi and Angela A. Grippi
      550 Mamaroneck Avenue, Suite 510
      Harrison, New York 10528
      (914) 328-4084

_____
ELIZABETH GARRY

Sworn to before me on this
11th day of July, 2008.

_____
Notary Public

LEONARD P. MARINELLO
Notary Public, State of New York
Nnno. 02MA5024588
Qualified in Queens County
Commission Expires March 14, 19— 2010